IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH WAYNE HUNTER, § | | |
| ID # 01981619, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:25-CV-993-L-BW | |
| § | | |
| WARDEN MADEZ, § | | |
| Respondent. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, received on April 21, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **TRANSFER** the petition to the United States Court of Appeals for the Fifth Circuit.

## I. BACKGROUND

Joseph Wayne Hunter, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed a habeas petition under 28 U.S.C. § 2254 challenging a 2014 conviction and sentence in Dallas County, Texas. (*See id.* at 1.) He names the Warden of his place of confinement as the respondent. (*See id.*)

In 2014, a jury convicted Hunter of aggravated assault with a deadly weapon causing serious bodily injury, enhanced by family violence, in Cause No. F13-56295-

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

R in the 265th Judicial District Court of Dallas County, Texas; the jury sentenced him to 25 years of incarceration in the TDCJ-CID. (*See id.*); *Hunter v. State*, No. 05–14–01146–CR, 2016 WL 1085556, at *1 (Tex. App.—Dallas Mar. 21, 2016, pet. ref'd). While his direct appeal was pending, Hunter filed his first § 2254 petition challenging his conviction, and the Court dismissed it without prejudice to Hunter's right to pursue and fully and properly exhaust his state court remedies. *See Hunter v. Stephens*, No. 3:15-CV-2315-P-BN, Dkt. Nos. 5-7 (N.D. Tex. Aug. 26, 2015).

Subsequently, the state appellate court affirmed the state trial court's judgment, and the Texas Court of Criminal Appeals ("TCCA") refused Hunter's petition for discretionary review. *See Hunter*, 2016 WL 1085556, at *5; *Hunter v. State*, No. PD-0413-16 (Tex. Crim. App. May 25, 2016). On May 24, 2017, the TCCA denied Hunter's first properly filed state habeas application without written order on the findings of the trial court without a hearing.[2] *See Ex parte Hunter*, No. WR-83,490-05 (Tex. Crim. App. May 24, 2017).

Hunter's next § 2254 petition challenging his state conviction was denied with prejudice on the merits on November 30, 2018. *See Hunter v. Davis*, No. 3:17-CV-1886-L-BK, 2018 WL 6596276 (N.D. Tex. Oct. 4, 2018), *rec. adopted*, 2018 WL 6257451 (N.D. Tex. Nov. 30, 2018). The Court determined that Hunter's subsequent post-judgment motion seeking relief from this denial was a successive § 2254 petition in disguise, opened a new § 2254 action, and transferred that

---

[2] Hunter has since filed multiple unsuccessful successive state habeas applications over the years, numbered WR-83,490-06 through WR-83,490-13, WR-83,490-15, WR-83,490-18, and WR-83,490-19.

successive § 2254 petition to the United States Court of Appeals for the Fifth Circuit. *See Hunter v. Davis*, No. 3:20-CV-738-L-BK, Dkt. Nos. 1, 3 (N.D. Tex. Mar. 27, 2020). The Fifth Circuit denied authorization for Hunter to file a successive § 2254 application. *See id.*, Dkt. No. 6 (N.D. Tex. Sept. 21, 2020).

Hunter again challenges his conviction in Cause No. F13-56295-R and expressly seeks to pursue a successive § 2254 petition. (*See* Dkt. No. 3 at 1, 17.) Alleging the existence of newly discovery evidence, Hunter asserts various claims of actual innocence, prosecutorial misconduct, ineffective assistance of counsel, and trial court error. (*See id.* at 5-13.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is

successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See id.* at 275-76. A prior § 2254 petition is not successive, however, if it was dismissed due to prematurity or for lack of exhaustion. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Higginbotham v. Barnes*, No. 21-60601, 2022 WL 795433, at *1 (5th Cir. Mar. 15, 2022) (unpublished) (citing *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)).

      Here, Hunter challenges the same conviction that he challenged in a prior federal petition that was denied with prejudice on its merits. *See Hunter*, 2018 WL 6257451, at *1-2. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Hunter knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction.

4

Hunter's § 2254 petition is successive within the meaning of § 2244(b) because it raises claims that were or could have been raised in that prior federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider Hunter's petition, and the petition is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the Court should transfer Hunter's petition.

## III.  RECOMMENDATION

The Court should **TRANSFER** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, received on April 21, 2025 (Dkt. No. 3), to the United States Court of Appeals for the Fifth Circuit.

**SO RECOMMENDED** on April 28, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).